**\*\*NOT FOR PRINTED PUBLICATION\*\***
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CITY OF WYLIE, TEXAS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-414 |
| | § | Judge Clark/Judge Mazzant |
| JOSE FRANCISCO LUEVANO, | § | |
| YOLANDA LUEVANO, in rem | § | |
| and in personam, WELLS FARGO HOME | § | |
| MORTGAGE, INC., FEDERAL HOME | § | |
| LOAN MORTGAGE CORP., and | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge has recommended that the Motion to Dismiss Plaintiff's Original Complaint [Doc. #10] by Defendants Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corp. ("Freddie Mac") be granted [Doc. #16]. Plaintiff filed objections [Doc. #19], to which Wells Fargo and Freddie Mac filed a response [Doc. #22].

Defendants Jose Francisco Luevano and Yolanda Luevano (the "Luevanos") own property located at 705 Jackson Ave, Wylie, Texas 75098 (the "Property"). Plaintiff City of Wylie, Texas (the "City") sued the Luevanos in rem and in personam, and sued Wells Fargo and Freddie Mac "in rem based on their apparent interest in the real property in dispute." Public records establish that the lien was assigned to Wells Fargo, which later assigned it to Freddie

Mac, the current lienholder. Pursuant to Sections 54.012 - 54.018 of the Texas Local Government Code, the City seeks an order compelling repair or demolition of, and approval to remove, structures on the property, along with recovery of removal costs estimated at $4,100, and a civil penalty of $1,000 per day. The City also alleges that the Property constitutes a nuisance, and seeks monetary damages.

The City asserts that this court is being asked to determine, as a matter of first impression, who are necessary parties in this in rem action, which seeks a judgment against a structure as well as a judgment against the owners under Texas Local Government Code §54.018(b)(2). The City objects to the Magistrate Judge's decision that a lienholder is not a proper party to this lawsuit. The City asserts that the failure to include a lienholder could leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of its interest. The City also asserts that the Magistrate Judge fails to explain why the lienholder would not be a defendant.

Wells Fargo and Freddie Mac assert that these sections of the Local Government Code do not provide a cause of action against current or former lien holders. Upon review of the plain language of the statute, the court agrees. As the Magistrate Judge found, the public records make clear that Wells Fargo assigned its lien to Freddie Mac, and nothing in the statute authorizes suit against former lien holders, so Wells Fargo should be dismissed.

Plaintiff also has no claim against Freddie Mac. Section 54.018, authorizes the City to "bring an action to compel the repair or demolition of a structure or to obtain approval to remove the structure and recover removal costs." Tex. Loc. Gov't Code Ann. § 54.018(a) (West Supp. 2013). There is no indication that this authorizes suit against a party that does not own or control

the property, but rather is merely the holder of a lien that has not been foreclosed. The reference in Section 54.018(b)(1) to "a claim for civil penalties under Section 54.017"applies only to a "suit against the owner or the owner's representative with control over the premises." *See* Tex. Loc. Gov. Code §54.017(a) (West 2008)    There is no allegation that Defendants Wells Fargo and Freddie Mac ever foreclosed on the property, or otherwise took control of it.  Of course, having appeared and asserted that they are not owners of, or in control of, the property in question, Freddie Mac and Wells Fargo are in no position to later claim interference with, or taking of, ownership rights.

The Magistrate Judge determined that the City had an "in rem" action under Section 54.018(b)(2).   That allows the City to take a judgment against the structure and to file a notice of lis pendens, so that "a *subsequent* purchaser or mortgagee who acquires an interest in the property takes the property subject to the enforcement proceeding and subsequent orders of the court." Tex. Loc. Gov. Code §54.018(c) (West Supp. 2013)(emphasis added).   Nothing is said about liability of a present holder of a contingent lien.  As a practical matter, whether or not Freddie Mac's lien takes priority, this provision will likely have to be considered at the time of any future sale if the City actually moves forward to obtain a judgment under this section.

The City argues that the  action "in rem against the structure," according to the statute, "may result in a judgment against the structure as well as a judgment against the defendant."  The Magistrate Judge correctly noted that  Section 54.018(b)(2) does not define "defendant," but that other provisions in Chapter 54, including Section 54.016 and Section 54.017, indicate that "defendant" means the property owner or the owner's representative.   The court agrees, and will not accept an argument that "defendant," as used here,  means any deep pocket a city can identify

3

that may have some type of contingent interest such as a lien where no foreclosure proceeding has even started.[1]

If the legislature wants to make lenders responsible for the condition of all property on which they make loans, the statutory language will have to be much more clearly stated. The City has simply alleged no facts giving rise to a claim that Wells Fargo or Freddie Mac could be liable under these provisions of the Texas Local Government Code.

The Magistrate Judge correctly concluded that no plausible claims are stated against Wells Fargo or Freddie Mac, and they should be dismissed with prejudice. The Magistrate Judge recommended that this case should be remanded to state court, and that this court should decline to exercise its supplemental jurisdiction over what is purely a matter of state law matter. The court agrees, and any delay experienced by the City is of its own making. Having received the report of the United States Magistrate Judge, having considered the objections filed by Plaintiff, and having conducted a *de novo* review of the objections in relation to the pleadings and applicable law, this court concludes that the Plaintiff's objections are without merit and are, therefore, overruled.

---

[1] As to the City's arguments that it has, or should have, the power to protect its citizens by demolishing dangerous structures, it might review Texas Local Government Code § 54.032 et seq., and in particular section 54.036, which sets out the actions that can be taken by a commission panel with regards to a building found to be in violation of an ordinance. Alternatively, the City might consider Texas Local Government Code section 214.001, which sets out the authority of a municipality to require the vacation, relocation of occupants, securing, repair, removal, or demolition of a building by ordinance. These two sets of statutes indicate that the legislature knows how to permit a city to demolish dangerous structures and to place a lien against the property, and also that the legislature has not chosen to attempt to make a lienholder responsible for repair or demolition unless it takes ownership of the property or, upon being given notice, it proposes a repair plan to protect its interest.

It is, therefore, **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #16] is hereby adopted, and the Motion to Dismiss Plaintiff's Original Complaint [Doc. #10] by Defendants Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corp. is **GRANTED**. Defendants Wells Fargo and Freddie Mac are **DISMISSED** with prejudice and the case is **REMANDED** to the 429th Judicial District Court of Collin County, Texas

All relief not previously granted is hereby **DENIED.**

So **ORDERED** and **SIGNED** this 5 day of **March, 2014.**

_____
Ron Clark, United States District Judge